UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 15, 2009

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| SILVIO MONTANO VERGARA (1) | : | 46 U.S.C. §§ 70503, 70506 |
| a.k.a. "Antonio" | : | (Conspiracy to Distribute Five |
| a.k.a. "Don Rafa" | : | Kilograms or More of Cocaine On Board |
| a.k.a. "Rafael" | : | a Vessel Subject to the Jurisdiction of |
| a.k.a. "Padrino" | : | the United States) |
| | : | |
| MARLON VALENCIA-PORTOCARRERO (2) | : | 21 U.S.C. §§ 959, 960, 963 |
| a.k.a. "La Ketty" | : | (Conspiracy to Distribute Five |
| a.k.a. "Richard" | : | Kilograms or More of Cocaine Knowing |
| a.k.a. "Edwin Jairo Valencia-Bermudez" | : | and Intending that it will be Unlawfully |
| a.k.a. "Quemado" | : | Imported into the United States) |
| a.k.a. "El Viejo" | : | |
| | : | 46 U.S.C. § 70503 |
| DAVID ORLANDO ANDRADE RAMIREZ (3) | : | (Distribution of Five Kilograms or More |
| | : | of Cocaine On Board a Vessel Subject to |
| RAUL ARTURO FERNANDEZ (4) | : | the Jurisdiction of the United States) |
| | : | |
| ALEXANDER LEUDO NIEVES (5) | : | 18 U.S.C. § 2 |
| a.k.a. "Alex Brando" | : | (Aiding and Abetting) |
| | : | |
| | | 21 U.S.C. § 853 |
| | | 21 U.S.C. § 970 |
| | | 46 U.S.C. § 70507 |
| | | (Forfeiture) |

## INDICTMENT

THE GRAND JURY CHARGE THAT:

### COUNT ONE

From in or about October 2008, and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in Colombia, Costa Rica, Panama, Honduras, and elsewhere, the defendants, SILVIO MONTANO VERGARA a.k.a. "Antonio," a.k.a. "Don Rafa," a.k.a. "Rafael," a.k.a. "Padrino," MARLON VALENCIA-PORTOCARRERO, a.k.a. "La Ketty," a.k.a. "Richard," a.k.a. "Edwin Jairo Valencia-Bermudez," a.k.a. "Quemado," a.k.a. "El Viejo," DAVID ORLANDO ANDRADE RAMIREZ, RAUL ARTURO FERNANDEZ, ALEXANDER LEUDO NIEVES, a.k.a. "Alex Brando," and others unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offense against the United States: to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506 and Title 18, United States Code, Section 2.

> (Conspiracy to Distribute Five (5) Kilograms or More of Cocaine On Board a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 18, United States Code, Section 2)

## COUNT TWO

From in or about October 2008, and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in Colombia, Costa Rica, Panama, Honduras, and elsewhere, the defendants, SILVIO MONTANO VERGARA a.k.a. "Antonio," a.k.a. "Don Rafa," a.k.a. "Rafael," a.k.a. "Padrino," MARLON VALENCIA-PORTOCARRERO, a.k.a. "La Ketty," a.k.a. "Richard," a.k.a. "Edwin Jairo Valencia-Bermudez," a.k.a. "Quemado," a.k.a. "El Viejo," and DAVID ORLANDO ANDRADE RAMIREZ, and others unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offense against the United States: to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959, 960, 963, and Title 18, United States Code, Section 2.

> (Conspiracy to Distribute Five (5) Kilograms or More of Cocaine Knowing and Intending that the Cocaine will be Unlawfully Imported into the United States in violation of Title 21, United States Code, Sections 959, 960, and 963, and Title 18, United States Code, Section 2)

## COUNT THREE

On or about April 24, 2009, in Barranquilla, Colombia, Honduras, and elsewhere, the defendants, SILVIO MONTANO VERGARA a.k.a. "Antonio," a.k.a. "Don Rafa," a.k.a. "Rafael," a.k.a. "Padrino," MARLON VALENCIA-PORTOCARRERO, a.k.a. "La Ketty," a.k.a. "Richard," a.k.a. "Edwin Jairo Valencia-Bermudez," a.k.a. "Quemado," a.k.a. "El Viejo," DAVID ORLANDO ANDRADE RAMIREZ, RAUL ARTURO FERNANDEZ, and ALEXANDER LEUDO NIEVES, a.k.a. "Alex Brando," did unlawfully, knowingly, and intentionally distribute and cause the distribution of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

> (Distributing Five (5) Kilograms or More of Cocaine On Board a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, United States Code, Section 70503, and Aiding and Abetting, in violation of Title 18, United States Code, Section 2)

## **FORFEITURE ALLEGATION**

Upon conviction of the criminal violations alleged in Counts One, Two, and Three of this Indictment, said offenses being punishable by imprisonment for one more one year, the Defendants:

A. With respect to Count Two, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title or interest which such defendants may have in:

   (1) any and all money and/or property constituting, or derived from, any proceeds which such defendants obtained, directly or indirectly, as the result of the violations alleged in Count Two of this Indictment; and

   (2) any and all property used, in any manner or part, to commit, or to facilitate the commission of, the violations alleged in Count Two of this Indictment.

B. With respect to Counts One, and Three, the Defendants shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507, any and all respective right, title or interest which said Defendants may have in any property described in Title 21, United States Code, Section 881(a), that is used or intended for use to commit, or to facilitate the commission of, the knowing or intentional manufacture, distribution, or possession with intent to manufacture or distribute, a controlled substance.

C. If any of said forfeitable property, as a result of any act or omission of the defendants --

   (1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970 and Title 46, United States Code, Section 70507 )

A TRUE BILL:

_____
FOREPERSON

_____
PAUL M. O'BRIEN, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: _____
Stephen Sola
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 514-8020 (phone)